2020 IL App (3d) 170705

Opinion filed September 21, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0705 Circuit No. 01-CF-86 |
| KEITH BLAND, | ) ) ) | Honorable Carmen J. Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Keith Bland, appealed the denial of his motion for leave to file a successive petition for postconviction relief.

¶ 2                                   I. BACKGROUND

¶ 3    The defendant was convicted of armed robbery and first degree murder after a jury trial. He was sentenced to consecutive terms of imprisonment of 28 years and 43 years, respectively. His conviction and sentence were affirmed on direct appeal. *People v. Bland*, No. 3-02-0942 (2004) (unpublished order under Illinois Supreme Court Rule 23). The facts underlying the

defendant's convictions are more fully detailed in that order, but essentially, the defendant and his two codefendants planned to steal guns from the home of the defendant's father. While committing the robbery, one of the codefendants shot and killed the defendant's stepmother.

¶ 4        The defendant filed a *pro se* petition for postconviction relief, which was dismissed by the trial court as frivolous and patently without merit. The defendant filed an additional affidavit to support his petition, which the trial court considered as a second postconviction petition, also finding it to be frivolous and patently without merit. The defendant appealed both rulings, and this court affirmed. *People v. Bland*, No. 3-05-0089 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        In 2007, the defendant filed a motion for leave to file a successive postconviction petition, alleging that his postconviction appellate counsel was ineffective for failing to argue several issues in the appeal from the trial court's denial of his initial postconviction petition. The trial court denied the motion, and this court affirmed. *People v. Bland*, No. 3-07-0554 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        On July 24, 2017, the defendant filed the instant *pro se* motion for leave to file a successive postconviction petition, arguing that his 71-year sentence, a *de facto* life sentence, was unconstitutional as applied to him. The defendant was 19 years old at the time of the murder. The trial court denied the motion, and the defendant appealed.

¶ 7                                II. ANALYSIS

¶ 8        The defendant argues that the trial court erred in denying him leave to file because Illinois courts only recently recognized that the sentencing principles of *Miller v. Alabama*, 567 U.S. 460 (2012), applied retroactively to *de facto* life sentences and potentially applied to those over 18. The State contends that the trial court's denial of leave was correct because the defendant did not

satisfy the cause-and-prejudice test in raising his as-applied challenge, since he was almost 20 years old when the crime was committed. The State also argues that the defendant forfeited the issue because the defendant could have raised the issue on direct appeal.

¶ 9 Under section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2016)), a defendant must obtain leave of the trial court before he may obtain review of a second or subsequent postconviction petition on its merits. *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). To obtain leave to file a successive petition, as a threshold requirement, the defendant must satisfy the cause-and-prejudice test. *Id.* Under the cause-and-prejudice test, the defendant must demonstrate "cause" for failing to raise the error in prior proceedings and actual "prejudice" resulting from the claimed error. *Id.* "Cause" has been defined as an objective factor that impeded defense counsel's efforts to raise the claim in an earlier proceeding. "Prejudice" has been defined as an error that so infected the entire trial that the defendant's conviction violates due process. *Id.* The cause-and-prejudice test for successive postconviction petitions involves a higher standard than the frivolous or patently without merit standard applied to first stage postconviction petitions. *People v. Smith*, 2014 IL 115946, ¶ 35. A defendant seeking leave to file a successive petition must submit enough in the way of pleadings and documentation to allow a circuit court to make an independent determination on the legal question of whether adequate facts have been alleged for a *prima facie* showing of cause and prejudice. *Id.* ¶ 30. If a defendant fails to adequately allege cause and prejudice, the circuit court does not reach the merits of his successive petition because the cause-and-prejudice test is a procedural prerequisite to obtaining that review. *People v. Handy*, 2019 IL App (1st) 170213, ¶ 29. We review *de novo* the denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 10   In terms of cause to bring an action under *Miller*, the defendant was convicted in 2002, 10 years prior to the decision in *Miller*. The State acknowledges this but argues that the defendant has not shown cause why he waited five years after *Miller* to raise the claim. As our supreme court has noted, *Miller* created a substantive constitutional rule that applies retroactively. *People v. Buffer*, 2019 IL 122327 ¶ 22. In addition, the suggestion that *Miller* could be applied to those 18 years of age and older was not made until 2015 in *People v. Thompson*, 2015 IL 118151, and *Miller* was not extended to *de facto* life sentences until 2016 in *People v. Reyes*, 2016 IL 119271. Thus, we find that the defendant has shown cause to file his 2017 petition for leave to file a successive postconviction petition.

¶ 11   The State contends that the defendant cannot establish prejudice because (1) he was 19 years old and thus not a juvenile, when he committed the crime and (2) the trial court considered the statutory factors in aggravation and mitigation, including rehabilitation, in sentencing the defendant.

¶ 12   The eighth amendment of the United States Constitution guarantees individuals the right not to be subjected to excessive sanctions. U.S. Const., amend. VIII; *Miller*, 567 U.S. at 469. Like the eighth amendment, the proportionate penalties clause of the Illinois Constitution embodies concepts of fairness and proportionality, but it has been interpreted to provide broader protections than the eighth amendment. Ill. Const. 1970, art. I, § 11; *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 89. That clause states that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11.

¶ 13   The defendant claims an as-applied challenge under *Miller*, contending that his 71-year sentence violates both the eighth amendment of the United States Constitution and the

4

proportionate penalties clause of the Illinois Constitution. An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party, while a facial challenge requires a showing that the statute is unconstitutional under any set of facts. *Thompson*, 2015 IL 118151, ¶ 36. Our supreme court, in *People v. Harris*, 2018 IL 121932, ¶ 61, has foreclosed an eighth amendment facial challenge to offenders 18 years of age and over. However, the court in *Harris* found that an as-applied challenge under the proportionate penalties clause was premature on direct appeal in that case, and it suggested that an as-applied challenge under *Miller* had not been foreclosed. *Id.* ¶ 53.

¶ 14       Since an as-applied challenge is fact specific, it is necessary for the record to be sufficiently developed. *Id.* ¶ 39. In his petition for leave to file, the defendant alleged that he was only 19 years old at the time of the crime, he was found guilty under a theory of accountability, and he had been diagnosed with an antisocial personality disorder that exhibited symptoms similar to characteristics of juveniles. The defendant also referenced the juvenile studies cited in *People v. House*, 2015 IL App (1st) 110580, ¶ 95 (vacated for reconsideration in light of *Harris*, 2018 IL 121932) and on remand in *People v. House*, 2019 IL App (1st) 110580-B, ¶ 55, *appeal allowed*, No. 125124 (Ill. Jan. 29, 2020). We find that the defendant pled enough facts to warrant further proceedings on his claim that the tenets of *Miller* apply to him. See *People v. Johnson*, 2020 IL App (1st) 171362 (19-year-old defendant's motion to file successive postconviction petition alleged sufficient facts for an as-applied challenge to survive dismissal). There is nothing in the record that indicates that the trial court considered the defendant's youth and its attendant characteristics as recognized in *Miller*. The trial court is the most appropriate tribunal for the type of factual development necessary for the defendant's as-applied constitutional challenge. *Thompson*, 2015 IL 118151, ¶ 38; see *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 47. Thus, we grant the defendant's motion for

5

leave to file his successive postconviction petition and remand for further proceedings consistent with this opinion.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 17        Reversed and remanded.

**No. 3-17-0705**

| | |
|---|---|
| **Cite as:** | *People v. Bland*, 2020 IL App (3d) 170705 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 01-CF-86; the Hon. Carmen J. Goodman, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Lauren A. Bauser, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |