2021 IL App (1st) 172809

FIFTH DIVISION
MARCH 5, 2021

No. 1-17-2809

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 12027 |
| | ) | |
| JERMAINE EVANS, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Hoffman and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    On December 16, 2016, the defendant-appellant, Jermaine Evans, filed a *pro se* motion to file a successive postconviction petition in the circuit court of Cook County, alleging that his 100-year sentence is unconstitutional. The circuit court denied the defendant leave to file his successive postconviction petition, and the defendant now appeals. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    In 2004, the defendant was convicted in a jury trial, of first degree murder, for the 2002 shooting death of Larry Simmons. The defendant was 18 years old at the time of the offense. The shooting occurred during a series of arguments between two "street groups," and the jury found that the defendant personally discharged the firearm that proximately caused the death. For a full recitation of facts leading up to the defendant's conviction, see *People v. Evans*, 373 Ill. App. 3d

948 (2007).

¶ 4    At the defendant's sentencing hearing, his presentence investigation report (PSI) was introduced. The PSI report indicated that the defendant was raised by both parents and described his childhood as "fun" without any kind of abuse. The defendant was close with his father, who passed away three weeks before the shooting. He also had a good relationship with his mother, who was recently disabled. The defendant had two young children at the time of the crime, and the mother of his children described him as a "wonderful father."

¶ 5    The PSI report further indicated that, during his school years, the defendant was placed in special education classes because he was a "slow learner." He did not finish high school, and he failed the GED exam. The defendant was in good physical health, reported no history of psychological problems, reported no history of alcohol or drug abuse, and had never been treated by a psychologist, psychiatrist, or mental health counselor. The defendant joined the Gangster Disciples street gang at age 15 but left the gang at age 17. The PSI report reflected a juvenile adjudication for criminal trespass to a vehicle, in addition to a pending case for possession of cannabis, but no adult criminal convictions.

¶ 6    Before announcing sentencing, the trial court noted that the shooting was not provoked or justified, that the defendant was not "mentally retarded," and that he had a "history of prior delinquency." The trial court stated that no mitigating factors applied to the defendant and that; "[n]o matter how youthful the defendant was at the time of the offense, the gun, of course, made him older." The trial court then sentenced the defendant to a total of 100 years' imprisonment (55 years for first degree murder plus a 45-year firearm enhancement). The defendant's motion to reconsider sentence was subsequently denied.

¶ 7     On appeal, this court affirmed the defendant's conviction and sentence. *Id.* at 949. On July 19, 2008, the defendant filed a postconviction petition, which was summarily dismissed by the trial court. The defendant appealed that dismissal, and this court affirmed the trial court's judgment of dismissal. *People v. Evans*, 401 Ill. App. 3d 1141 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8     On December 16, 2016, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, which is the subject of the instant appeal. Citing *Miller v. Alabama*, 567 U.S. 460 (2012), and *People v. Reyes*, 2016 IL 119271 (*per curiam*), in his current petition, the defendant argued that his *de facto* life sentence is unconstitutional pursuant to both the United States Constitution and the Illinois Constitution. He further argued that he could not have raised this argument prior to the cases upon which he now relies being issued. The defendant accordingly requested the trial court vacate his 100-year sentence and resentence him. Additionally, on February 20, 2017, the defendant filed a *pro se* motion to cite additional authority, in which he cited *People v. Harris*, 2016 IL App (1st) 141744.

¶ 9     On September 22, 2017, the trial court denied the defendant's motion for leave to file a successive postconviction petition. In its order, the trial court noted that the defendant "was not a juvenile at the time of his crime," and so *Miller* and its progeny do not apply to him. This appeal followed.

¶ 10                             ANALYSIS

¶ 11    We note that we have jurisdiction to consider this matter, as the defendant filed a timely notice of appeal. Ill. S. Ct. Rs. 606, 651(a) (eff. July 1, 2017).

¶ 12    The defendant presents the following issue on appeal: whether the trial court erred in

denying him leave to file his successive postconviction petition.

¶ 13    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a method by which convicted persons under a criminal sentence can assert that their constitutional rights were violated. *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is forfeited. 725 ILCS 5/122-1(f) (West 2016); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2016); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Id.* (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Id.* (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Id.* ¶ 11.

¶ 14    The basis for the defendant's successive postconviction petition in this case is that his 100-year sentence is unconstitutional pursuant to recent case law governing the sentencing of juveniles and young adult offenders, which is an evolving area of law. "The Eighth Amendment's

prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " *Miller*, 567 U.S. at 469 (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)). The United States Supreme Court in *Miller* held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants (those who are under 18 years old), are unconstitutional under the eighth amendment of the United States Constitution because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Id.* at 476, 489. In this case, the defendant's argument focuses almost exclusively on *Miller* and the eighth amendment of the United States Constitution.

¶ 15    The Illinois Supreme Court has interpreted *Miller* in a manner applicable to juvenile defendants convicted and sentenced under Illinois law. Under our supreme court's interpretation of *Miller*, a life sentence, whether natural or *de facto*, whether mandatory or discretionary, is unconstitutional for individuals who were under 18 years of age at the time of their offense, where the trial court did not consider the mitigating qualities of youth described in *Miller*. *Reyes*, 2016 IL 119271, ¶ 9 ("sentencing a juvenile offender to a mandatory term of years that is the functional equivalent of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment"); *People v. Holman*, 2017 IL 120655, ¶ 40 (life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers the defendant's youth and its attendant characteristics). And in *People v. Buffer*, 2019 IL 122327, ¶ 40, our supreme court drew the line at 40 years in order for a prison term to be considered a *de facto* life sentence.

¶ 16    Although all of the aforementioned cases, pertain to *juveniles*, our supreme court recently opened the door for young adult offenders to demonstrate that their own specific characteristics at the time of their offense were so like those of a juvenile that the imposition of a life sentence, absent the safeguards established in *Miller*, violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25; see *People v. Thompson*, 2015 IL 118151, ¶ 44 (the 19-year-old defendant could not challenge his sentence as unconstitutional as applied to him pursuant to *Miller* for the first time on direct appeal but was "not necessarily foreclosed" from asserting the claim in postconviction proceedings). In *People v. Harris*, 2018 IL 121932, ¶ 1, the Illinois Supreme Court reversed this court's holding that the 18-year-old defendant's sentence of 76 years violated the proportionate penalties clause of the Illinois Constitution. Our supreme court explained, however, that the defendant did not raise his as-applied constitutional challenge in the trial court, which meant that the trial court did not hold an evidentiary hearing on the constitutional claim and therefore did not make any findings of fact on the defendant's *specific circumstances*. *Id.* ¶ 40. Our supreme court pointed out that the appellate court had acted in error when it "held [the] defendant's sentence violated the Illinois Constitution without a developed evidentiary record on the as-applied *** challenge." *Id.* Thus, the *Harris* court set in motion a method for young adult offenders to demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them individually. *Daniels*, 2020 IL App (1st) 171738, ¶ 25.

¶ 17    Since our supreme court has opened the door for the *Miller* principles to apply to young adult offenders in sentencing, this court has remanded numerous cases for further postconviction proceedings where the defendants, between the ages of 18 and 21, have yet to have the opportunity

to ask a court to consider whether they were more akin to juveniles at the time of their offenses. See *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 63 (noting the recent trend in treating offenders under 21 years old differently than adults in remanding the 18-year-old defendant's postconviction petition for further proceedings); *Daniels*, 2020 IL App (1st) 171738, ¶ 34 (remanding for further postconviction proceedings on the 18-year-old defendant's petition because the law has continued to trend in the direction of increased protections for youthful offenders); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 27 (ordering further proceedings on the 19-year-old defendant's petition to allow the trial court to determine whether the defendant's individual characteristics and circumstances at the time of the offense rendered him functionally younger than 19 years old); *People v. Savage*, 2020 IL App (1st) 173135, ¶ 67 (remanded for further postconviction proceedings because "[a]lthough [the] defendant was seven months past his 21st birthday at the time of his offense," his argument that mental health issues may lower a defendant's functional age finds support in recent case law); *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14 (held that the defendant, who was 19 years old at the time of his offense, pleaded enough facts to warrant further proceedings on his claim that *Miller* applies to him where he had been diagnosed with an antisocial personality disorder and exhibited symptoms similar to characteristics of juveniles).

¶ 18    Notably, Illinois courts consider the sentencing claims of young adult offenders under the proportionate penalties clause of the Illinois Constitution rather than the eighth amendment of the United States Constitution. *Franklin*, 2020 IL App (1st) 171628, ¶ 51. Yet, unlike the cases described above, the defendant in this case did not argue in his petition that his sentence violates the proportionate penalties clause of the Illinois Constitution. His petition did mention the Illinois

Constitution in passing, but the petition otherwise *failed to make any arguments pertaining to the proportionate penalties clause*, which would be the appropriate path for relief under the facts of this case. Instead, his petition *only* argued that his sentence violates *the eighth amendment* of the United States Constitution. While the defendant effectively laid out the case law relevant to eighth amendment arguments, that is not the proper relief for him since he was not a juvenile at the time of the crime. See *id.* ("This is because federal cases have generally drawn a line at 18 years of age [citation] and because \*\*\* the proportionate penalties clause offers a broader path to the same types of relief.").

¶ 19    Young adult offenders are not *entitled* to the presumption that the tenets of *Miller* apply to them pursuant to the proportionate penalties clause. *Ruiz*, 2020 IL App (1st) 163145, ¶ 52. Indeed, they must *establish a record* to support their argument, should they choose to pursue relief via that route. Although the defendant in this case made extensive and cogent arguments in his petition, especially in light of his *pro se* status, *all* of those arguments are related to relief under the eighth amendment of the United States Constitution. As we have explained, that is not an avenue of relief that is available to the defendant here. In order for a young adult offender to receive sentencing protections pursuant to the proportionate penalties clause of the Illinois Constitution, which would be the appropriate path of relief for the defendant in this case, he must plead and ultimately prove that his *specific and individual characteristics* require the application of *Miller*. *Id.* Although at the pleading stage the defendant is not required to prove anything, he still needs to plead *some facts* justifying further proceedings. *Id.* ¶¶ 54-55.

¶ 20    In this case, other than alleging that he was 18 years old when he committed his offense and was sentenced to 100 years' imprisonment, the defendant's petition failed to set forth *any*

individual characteristics which would require the trial court to apply the sentencing protections set forth in *Miller*. See *Savage*, 2020 IL App (1st) 173135, ¶ 78 (a defendant should make allegations that there were issues *particular to him* at the time of his offense that rendered him functionally younger than his chronological age). Consequently, the defendant's successive postconviction petition, which is the subject of this appeal, was insufficient to satisfy the prejudice prong of the cause-and-prejudice test so as to warrant further proceedings. See 725 ILCS 5/122-1(f) (West 2016) (to establish prejudice, a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding so infected the trial that the resulting conviction or sentence violated due process).

¶ 21    Although, the law has undoubtedly continued to trend in the direction of increased protections for young adult offenders, with postconviction proceedings being the proper vehicle for them to seek such protections, they must still plead *specific and individual characteristics* as related to them. This is the only way to establish that they are entitled to the protections provided by *Miller* and its progeny as interpreted by the Illinois Supreme Court. Having failed to allege such facts showing that the tenets of *Miller* should apply to his particular circumstances, the defendant's petition does not support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. We accordingly affirm the trial court's order denying the defendant's motion to file a successive postconviction petition.

¶ 22                                CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.

**No. 1-17-2809**

| | |
|---|---|
| **Cite as:** | *People v. Evans*, 2021 IL App (1st) 172809 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 02-CR-12027; the Hon. Kenneth J. Wadas, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Brian W. Carroll, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Joseph Alexander, and Gerrard R. Burch Jr., Assistant State's Attorneys, of counsel), for the People. |