2022 IL App (1st) 200659-U

FIFTH DIVISION
MARCH 11, 2022

No. 1-20-0659

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 91 CR 2282 |
| LAMONT WARE, | ) ) | Honorable Jackie Portman-Brown, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order denying the defendant leave to file his successive postconviction petition is vacated and the case is remanded to the trial court for further proceedings.

¶ 2    On September 20, 2019, the defendant-appellant, Lamont Ware, filed a *pro se* motion to file a successive postconviction petition in the circuit court of Cook County alleging that his life sentence is unconstitutional. The circuit court denied the defendant leave to file his successive postconviction petition, and the defendant now appeals. For the reasons that follow, we vacate the

judgment of the circuit court of Cook County and remand the case for further postconviction proceedings.

¶ 3                                    BACKGROUND

¶ 4      In 1991, the defendant was charged with two counts of first degree murder in the shooting deaths of Ulysses McDonald and Leroy Taylor. The defendant was 20 years old at the time of the shooting. Following a jury trial, the defendant was convicted of two counts of first degree murder. The trial court declined to impose the death penalty and so the defendant received a mandatory life sentence under the sentencing provisions then in effect. (Capital punishment has since been repealed in Illinois.) For a more full recitation of facts leading up to the defendant's conviction and sentence, see *People v. Ware*, 264 Ill. App. 3d 650 (1994).

¶ 5      In 1995, the defendant filed a postconviction petition alleging that his trial counsel was ineffective. The petition was summarily dismissed. On appeal, this court granted appellate counsel's motion to withdraw pursuant to *Finley v. Pennsylvania*, 107 S. Ct. 1990 (1987). *People v. Ware*, No. 1-95-2754 (1996). The defendant subsequently sought to file two more postconviction petitions but was denied the opportunity to do so by the trial court.

¶ 6      On September 20, 2019, the defendant filed a *pro se* motion in the trial court seeking to file yet another successive postconviction petition, which is the subject of this appeal. In his petition which was attached to the motion, the defendant alleged that his life sentence is unconstitutional pursuant to the proportionate penalties clause of the Illinois Constitution. Citing *People v. Harris* 2018 IL 121932, and *People v. House*, 2019 IL App (1st) 110580-B, the defendant noted the recent trends in Illinois courts for sentencing youthful offenders under the age of 21. The defendant's petition cited a report regarding the brains of young adults. The report noted that brain

development of young adults is more akin to adolescent brains. The petition went on to discuss how courts are beginning to consider the not-yet developed brains of young adults as a factor in sentencing.

¶ 7    The defendant's petition explained that he was only 20 years old when he committed murder, had dropped out of school in ninth grade, and had "bounced from household to household as a youth." He also stated that, growing up, he went to church every Sunday and played the drums. The defendant further noted the underlying facts leading up to the murders, including that one of the victims had sexually assaulted him when he was 18 years old:

> "[A]ccording to the State['s] own words during [the] sentencing hearing that 'before the [defendant] committed the murders[,] he thought about it and after a while every thing [*sic*] just came down to him and he shot both victim's [*sic*].[']
> The latter is what the court decided was a mitigating factor to not impose death."

The defendant asserted that, under those circumstances, his sentence was unconstitutional pursuant to the proportionate penalties clause of the Illinois Constitution as applied to him. He requested a new sentencing hearing, in which the trial court could consider his youthful characteristics at the time of his offense and his potential for rehabilitation in resentencing him.

¶ 8    The trial court denied the defendant leave to file his successive postconviction petition. In so ruling, the trial court noted that the defendant was not convicted under a theory of accountability, such as the defendant in *House*, 2019 IL App (1st) 110580-B, to which the defendant in this case compared his situation. Instead, the court noted that the defendant was "the only actor who took the lives of two people." The trial court stated that the defendant's sentence could not be described as shocking to the moral sense of the community such that it violated the

proportionate penalties clause. In turn, the trial court held that the defendant had failed to establish the prejudice necessary to file his successive postconviction petition. This appeal followed.

¶ 9                                                      ANALYSIS

¶ 10    We note that we have jurisdiction to consider this matter, as the defendant filed a timely notice of appeal. Ill. S. Ct. Rs. 606, 651(a), 373 (eff. July 1, 2017).

¶ 11    The defendant presents the following issue for our review: whether the trial court erred in denying him leave to file his successive postconviction petition. He argues that he pled adequate facts in his petition to establish that his life sentence violates the proportionate penalties clause of the Illinois Constitution. The defendant asks us to vacate the trial court's judgment denying him leave to file his successive postconviction petition and remand this case for further postconviction proceedings.

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a method by which convicted persons under a criminal sentence can assert that their constitutional rights were violated. 725 ILCS 5/122-1 (West 2018); *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is subsequently forfeited. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2018); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise

the claim' in his original postconviction proceeding." *Id.* (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Id.* (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. Still, "a defendant faces immense procedural [] hurdles when bringing a successive postconviction petition." *People v. Davis*, 2014 IL 115595, ¶ 14. "Leave of court to file a successive petition should be denied when it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *Ames*, 2019 IL App (4th) 170569, ¶ 11.

¶ 13    The basis for the defendant's successive postconviction petition in this case is that his life sentence is unconstitutional pursuant to recent case law governing the sentencing of juveniles and young adult offenders, which is an evolving area of law. This recent trend began with the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In *Miller*, the Supreme Court held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants (those who are under 18 years old), are unconstitutional under the eighth amendment of the United States Constitution because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Id.* at 476, 489.

¶ 14     In light of *Miller* and new sentencing protections for juveniles, the Illinois Supreme Court opened the door for young adult offenders (those between the ages of 18 and 20) to demonstrate that their own specific characteristics at the time of their offense were so like those of a juvenile that the imposition of a life sentence, absent the safeguards established in *Miller*, violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25; see *People v. Thompson*, 2015 IL 118151, ¶ 44 (the 19-year-old defendant could not challenge his sentence as unconstitutional as applied to him pursuant to *Miller* for the first time on direct appeal but was "not necessarily foreclosed" from asserting the claim in postconviction proceedings). In *People v. Harris*, 2018 IL 121932, the Illinois Supreme Court reversed this court's holding that the 18-year-old defendant's sentence of 76 years violated the proportionate penalties clause of the Illinois Constitution. *Id.* ¶ 40. The court explained, however, that the defendant did not raise his as-applied constitutional challenge in the trial court, which meant that the trial court did not have an opportunity to hold an evidentiary hearing on the constitutional claim and therefore did not make any findings of fact on the defendant's specific circumstances. *Id.* Our supreme court reasoned that, in turn, this court "held [the] defendant's sentence violated the Illinois Constitution without a developed evidentiary record on the as-applied *** challenge." *Id.* In so ruling, the supreme court set in motion a method for young adult offenders to demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them. *Daniels*, 2020 IL App (1st) 171738, ¶ 25. Notably, Illinois courts consider the sentencing claims of young adult offenders under the proportionate penalties clause of the Illinois Constitution rather than the eighth amendment of the United States Constitution. *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 51.

¶ 15    Since our supreme court has opened the door for the *Miller* tenets to apply to young adult offenders in sentencing, this court has remanded numerous cases for further postconviction proceedings where the defendants, between the ages of 18 and 20, have yet to have the opportunity to ask a court to consider factors which would establish that they were more akin to juveniles than adults at the time of their offenses. See *Franklin*, 2020 IL App (1st) 171628, ¶ 63 (noting the recent trend in treating offenders under 21 years old differently than adults in remanding the 18-year-old defendant's postconviction petition for further proceedings); *Daniels*, 2020 IL App (1st) 171738, ¶ 34 (remanding for further postconviction proceedings on the 18-year-old defendant's petition because the law has continued to trend in the direction of increased protections for youthful offenders); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 27 (ordering further proceedings on the 19-year-old defendant's petition to allow the trial court to determine whether the defendant's individual characteristics at the time of the offense rendered him functionally younger than 19 years old); and *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14 (held that the defendant, who was 19 years old at the time of his offense, pled enough facts to warrant further proceedings on his claim that *Miller* applies to him where he had been diagnosed with an antisocial personality disorder and exhibited symptoms similar to characteristics of juveniles).

¶ 16    The instant case, in which the defendant was 20 years old at the time of his offense, is analogous to those recent cases involving youthful offenders. The cause prong of the cause-and-prejudice test necessary to file a successive postconviction petition is not in dispute, as the defendant filed his first postconviction petition in 1995, well before *Miller* was decided by the United States Supreme Court. *Miller* gave rise to the series of cases providing sentencing protections to juveniles and young adult offenders. See 725 ILCS 5/122-1(f) (West 2018) (a

defendant "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings"). Nevertheless, the State avers that the defendant failed to establish the prejudice prong of the cause-and-prejudice test because he did not plead specific facts demonstrating that his personal circumstances qualify him for the *Miller* tenets as required for a proportionate penalties clause violation. "[B]y definition, as-applied constitutional challenges are dependent on the specific facts and circumstances of the challenging party." *People v. House*, 2021 IL 125124, ¶ 27.

¶ 17    However, the defendant explicitly pled, in his petition, facts to demonstrate his lack of maturity at the time of the shooting. Among those pleadings, he stated that he had dropped out of school in ninth grade and had "bounced from household to household as a youth," living with various relatives. He also cited recent case law and a report discussing the evolving science of young adult brains. Additionally, the defendant's petition noted that he had been sexually assaulted by one of the victims prior to the murders, which undoubtedly could have a negative impact on the emotional development of a young adult; the trial court even considered that factor in declining to impose the death penalty in the defendant's original sentencing. All of those details, while minimal, have a potential bearing on the defendant's emotional and mental development, and if given an opportunity to develop a factually supportive record, could be sufficient to warrant further proceedings under current Illinois law. "Although at the pleading stage the defendant is not required to prove anything, he still needs to plead *some facts* justifying further proceedings." *People v. Evans*, 2021 IL App (1st) 172809, ¶ 19.

¶ 18    Our supreme court recently confirmed that an evidentiary hearing, where the record is fully developed, is needed for a reviewing court to find that a young adult offender's sentence violates

the proportionate penalties clause as applied to him. *House*, 2021 IL 125124, ¶ 31. As the trial court did not hold an evidentiary hearing in this case, we cannot yet determine whether the defendant's sentence is unconstitutional. However, we do find that the defendant adequately pled sufficient facts to advance his petition to second-stage postconviction proceedings. If the defendant's petition survives second-stage postconviction proceedings, the petition shall advance to the third-stage, where the trial court shall conduct an evidentiary hearing. *People v. Tate*, 2012 IL 112214, ¶ 10. Such an evidentiary hearing will allow the trial court to determine, *based on a fully developed record*, whether the defendant's individual characteristics at the time of his offense rendered him functionally younger than 20 years old, and consequently, whether his life sentence is unconstitutional pursuant to the Illinois Constitution as applied to him. See *Ruiz*, 2020 IL App (1st) 163145, ¶¶ 54-55 (when a young adult raises claims that the *Miller* line of cases applies to him, he must first plead, and ultimately prove, that his individual characteristics render him functionally younger than his stated age, such that the application of *Miller* is required). Accordingly, we vacate the trial court's judgment denying the defendant's motion to file his successive postconviction petition and remand the case for further postconviction proceedings.

¶ 19                                   CONCLUSION

¶ 20    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and remand the case to that court for further proceedings consistent with this order.

¶ 21    Vacated and remanded.