2022 IL App (1st) 210110-U

FIFTH DIVISION
MARCH 25, 2022

No. 1-21-0110

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 22049 (02) |
| | ) | |
| HERNANDEZ HOLEMAN, | ) | Honorable |
| | ) | Michael B. McHale, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment summarily dismissing the defendant's postconviction petition is affirmed.

¶ 2    The defendant-appellant, Hernandez Holeman, filed a *pro se* postconviction petition in the circuit court of Cook County, alleging that his 49-year sentence for first degree murder is unconstitutional. The circuit court summarily dismissed the defendant's postconviction petition and the defendant now appeals. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                BACKGROUND

¶ 4      In 2006, the defendant pled guilty to the first degree murder of Mattie Battiste, who was 69 years old when she was murdered by the defendant. He was 20 years old at the time of the murder. The defendant's sentence was not negotiated as part of his guilty plea, and the trial court subsequently sentenced him to 49 years' imprisonment.[1] The defendant did not file a motion to withdraw his guilty plea or a motion to reduce his sentence, nor did he file a direct appeal.

¶ 5      On November 9, 2020, the defendant filed a *pro se* postconviction petition, which is the subject of this appeal. The petition alleged that, because the defendant was 20 years old at the time he committed the murder, and because he was "subjected" to "the Truth in Sentencing Act (730 ILCS 5/3-6-3(a)(2)(i) (West 2006)," which "precludes [the defendant] from any possibility of early release," his 49-year sentence is unconstitutional as applied to him pursuant to the proportionate penalties clause of the Illinois Constitution. In support, he cited recent case law from this court and our supreme court regarding the sentencing of juveniles and young adult offenders, pointing out that it is an evolving area of law. The defendant requested a new sentencing hearing, or in the alternative, an evidentiary hearing on his claim that he is entitled to relief pursuant to recent case law.

¶ 6      The trial court dismissed the defendant's petition at the first stage of postconviction proceedings. In its written order, the trial court stated; "[the defendant] was an adult of 20 years of age on the date of the incident for which he was charged. At this time, none of the cases cited by

_____

[1]As most of the facts surrounding the defendant's conviction and sentence are not relevant to this appeal, they are not included in this order, in the interest of brevity.

the [defendant] support a resentencing hearing after a properly negotiated plea." This appeal followed the trial court's ruling.

¶ 7                                                    ANALYSIS

¶ 8     We note that we have jurisdiction to consider this matter, as the defendant filed a timely notice of appeal. Ill. S. Ct. Rs. 606, 651(a) (eff. July 1, 2017).

¶ 9     The defendant presents the following issue for our review: whether the trial court erred in summarily dismissing his postconviction petition. He argues that his petition "established the gist of a constitutional claim that the Truth-In-Sentencing Act violates the Illinois [C]onstitution's proportionate penalties clause as applied to him in light of recent changes in the jurisprudence surrounding emerging adults." The defendant asserts that his petition should advance to second-stage proceedings under the Post-Conviction Hearing Act.

¶ 10     As an initial matter, we address the State's argument that the defendant forfeited this issue because he could have raised it on direct appeal but failed to do so when he did not file a direct appeal. However, our supreme court in *People v. Rose*, 43 Ill. 2d 273, 279 (1969), established that the failure to file a direct appeal does not impact the constitutional rights of a defendant to file a petition for postconviction relief. See *People v. Brooks*, 371 Ill. App. 3d 482, 485 (2007) ("the Postconviction Act provides a separate remedy, whose availability is not contingent upon exhaustion of another remedy"). Thus, the defendant has not forfeited this constitutional issue and we now turn to the merits of his argument.

¶ 11     The Post-Conviction Hearing Act provides a procedural mechanism through which a criminal defendant can assert that his constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1 (West 2018); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding contains three distinct stages. *People v.*

*Gallano*, 2019 IL App (1st) 160570, ¶ 22. The trial court may dismiss a petition during the first stage if it determines that the petition is frivolous or patently without merit. *Id*. We review *de novo*, a trial court's first-stage dismissal of a postconviction petition. *People v. Shipp*, 2015 IL App (2d) 131309, ¶ 7.

¶ 12    The basis for the defendant's postconviction petition in this case is that his 49-year sentence for first degree murder is unconstitutional pursuant to the proportionate penalties clause of the Illinois Constitution. More specifically, he argues that because he was sentenced pursuant to the Truth-In-Sentencing Act, which requires him to serve 100% of his sentence (730 ILCS 5/3-6-3(a)(2)(i) (West 2006)), his 49-year sentence is a *de facto* life sentence which is unconstitutional as applied to him, because he was 20 years old at the time of his offense.

¶ 13    His argument is premised upon recent case law governing the sentencing of juveniles and young adult offenders, which is an evolving area of law. The United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants (those who are under 18 years old), are unconstitutional under the eighth amendment of the United States Constitution because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Miller*, 567 U.S. at 476, 489.

¶ 14    The Illinois Supreme Court has interpreted *Miller* in a manner applicable to juvenile defendants convicted and sentenced under Illinois law. Under that interpretation, our supreme court has determined that a life sentence, whether natural or *de facto*, whether mandatory or discretionary, is unconstitutional for juveniles where the trial court did not consider the mitigating qualities of youth described in *Miller*. *People v. Reyes*, 2016 IL 119271, ¶ 9 ("sentencing a juvenile

- 4 -

offender to a mandatory term of years that is the functional equivalent of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment"); *People v. Holman*, 2017 IL 120655, ¶ 40 (life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers the defendant's youth and its attendant characteristics). And in *People v. Buffer*, 2019 IL 122327, our supreme court drew the line at 40 years in order for a prison term to be considered a *de facto* life sentence. *Id.* ¶ 40.

¶ 15    In light of *Miller* and new sentencing protections for juveniles, the Illinois Supreme Court opened the door for young adult offenders (those between the ages of 18 and 20) to demonstrate that their own specific characteristics at the time of their offense were so like those of a juvenile that the imposition of a life sentence, absent the safeguards established in *Miller*, violates the proportionate penalties clause of the Illinois Constitution. *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25. Since our supreme court has opened the door for the *Miller* tenets to apply to young adult offenders in sentencing, this court has remanded numerous cases for further postconviction proceedings where the defendants, between the ages of 18 and 20, have yet to have the opportunity to ask a court to consider whether they were more akin to juveniles than adults at the time of their offenses. See *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 63 (noting the recent trend in treating offenders under 21 years old differently than adults in remanding the 18-year-old defendant's postconviction petition for further proceedings). Notably, Illinois courts consider the sentencing claims of young adult offenders under the proportionate penalties clause of the Illinois Constitution rather than the eighth amendment of the United States Constitution. *Id.* ¶ 51.

¶ 16    We first address the aspect of the defendant's argument pertaining to the Truth-In-Sentencing Act. In essence, the defendant is arguing that because he will have to serve 100% of

his 49-year sentence, there is no possibility for him to serve a shorter term; and since a 40-year sentence or above is now considered a *de facto* life sentence for purposes of the proportionate penalties clause, the defendant's 49-year sentence is therefore a life sentence and thus, is unconstitutional as applied to him. As this court has previously explained, however: if a defendant's sentence violates the proportionate penalties clause of the Illinois Constitution, it is not because he had to serve it at 100% in accordance with the Truth-In-Sentencing Act. *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 44. Indeed, "courts in this state have repeatedly rejected similar as-applied challenges regarding the constitutionality" of the Truth-In-Sentencing Act. *People v. Johnson*, 2020 IL App (2d) 170646, ¶ 12. In this case, if a court were to ultimately find that the defendant's 49-year sentence is unconstitutional as applied to him pursuant to the proportionate penalties clause, the fact that he would have to serve the entire sentence would be irrelevant to that finding. Simply put, the substance of the defendant's argument in which he avers that the Truth-In-Sentencing Act renders his sentence unconstitutional is meritless.

¶ 17    Nonetheless, that is not the end of our analysis. Construing the defendant's petition liberally, as we must (*People v. Hodges*, 234 Ill. 2d 1, 21 (2009)), and notwithstanding the Truth-In-Sentencing Act aspect of the defendant's argument, the petition amounts to the following assertion: pursuant to the *Miller* line of cases pertaining to young adult offenders, the defendant's 49-year sentence violates the proportionate penalties clause of the Illinois Constitution as applied to him because he was 20 years old at the time that he committed the murder. However, we emphasize that young adult offenders are not *entitled* to the presumption that the tenets of *Miller* apply to them pursuant to the proportionate penalties clause. *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. Rather, for a young adult offender to receive sentencing protections pursuant to *Miller* and its progeny, he must *plead* and ultimately *prove* that his *specific and individual*

*characteristics* require the application of *Miller*. *Id.* In other words, it is insufficient for a defendant to merely plead general allegations about young adult brains being akin to juvenile brains and then conclude that since he was a young adult when he committed the crime, the *Miller* principles apply to him.

¶ 18    While the defendant in this case made extensive arguments in his petition, and cited to emerging case law regarding the brain development of young adults, he did not provide any personal details to indicate that his individual circumstances require *Miller's* protections. Stated another way, his petition is devoid of any facts regarding how the tenets of *Miller* apply to him and his situation. In fact, his argument can be summarized as simply saying that since he was 20 years old when he committed the murder, and was sentenced pursuant to the Truth-In-Sentencing Act which requires him to serve his entire sentence (which is a *de facto* life sentence), he is entitled to relief under the tenets of *Miller* and its progeny. Although at the pleading stage the defendant is not required to prove anything, he still needs to plead *some facts* justifying further proceedings. *Id.* ¶¶ 54-55. Indeed, this court has remanded numerous cases to the trial court for further postconviction proceedings, but only where the defendant *pled specific and sufficient facts* indicating that, as a young adult, he or she is entitled to the sentencing protections of *Miller*. See *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14 (held that the defendant, who was 19 years old at the time of his offense, pled enough facts to warrant further proceedings on his claim that *Miller* applies to him where he had been diagnosed with an antisocial personality disorder and exhibited symptoms similar to characteristics of juveniles); compare *People v. Evans*, 2021 IL App (1st) 172809, ¶ 20 (held that the defendant's successive postconviction petition was insufficient to warrant further proceedings where he only alleged that he was 18 years old and did not plead any other individual characteristics).

¶ 19    As stated above, in this case, other than pleading that he was 20 years old when he committed the murder and was sentenced to 49 years' imprisonment, the defendant's petition failed to set forth *any* individual characteristics which would require the trial court to apply the sentencing protections set forth in *Miller*. See *People v. Savage*, 2020 IL App (1st) 173135, ¶ 78 (a defendant should make allegations that there were issues *particular to him* at the time of his offense that rendered him functionally younger than his chronological age). Having failed to allege such facts showing that the tenets of *Miller* should apply to his particular circumstances, the defendant's petition does not support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. Consequently, his postconviction petition is without merit. See *People v. Thornton*, 2022 IL App (1st) 170677-B, ¶ 20 (a postconviction petition is frivolous or patently without merit if it has no arguable basis either in law or in fact). The trial court properly dismissed the defendant's petition in the first stage of proceedings on that basis. See *People v. Johnson*, 2019 IL App (1st) 163169, ¶ 29 (a postconviction petition should be summarily dismissed if it is found to be frivolous or patently without merit). We accordingly affirm the trial court's judgment summarily dismissing the defendant's postconviction petition.

¶ 20                                    CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.