2022 IL App (1st) 211190-U
No. 1-21-1190

FIRST DIVISION
September 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 01 CR 22873 |
| v. | ) ) | The Honorable |
| KENNETH DURANT, | ) ) | Vincent M. Gaughan, Judge Presiding. |
| Defendant-Appellant. | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justice Hyman concurred in the judgment.
Presiding Justice Lavin specially concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's decision to deny defendant's petition for leave to file a *pro se* successive postconviction petition and we allow the Office of the State Appellate Defender's Motion to withdraw as counsel for Defendant-Appellant.

¶ 2    Defendant Kenneth Durant appeals from the circuit court's denial of leave to file a *pro se* successive petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)).

- 1 -

¶ 3     Following a jury trial, defendant was found guilty of aggravated vehicular hijacking and two counts of armed robbery. He was sentenced to life imprisonment as a habitual offender. We affirmed on direct appeal. See *People v. Durant*, No. 1-05-2249 (2008) (unpublished order under Supreme Court Rule 23).

¶ 4     Defendant thereafter filed a *pro se* postconviction petition which he amended. The circuit court summarily dismissed the petition as frivolous and patently without merit. On appeal, we reversed and remanded for further proceedings under the Act. See *People v. Durant*, No. 1-10-0371 (2011) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, appointed counsel supplemented the petition and the circuit court ultimately granted the State's motion to dismiss. We affirmed, finding, in pertinent part, that defendant failed to make a substantial showing of ineffective assistance of counsel on direct appeal for not challenging his life sentence as unconstitutional when the first qualifying offense occurred when he was a juvenile. See *People v. Durant*, 2017 IL App (1st) 143031-U.

¶ 5     Defendant then filed two unsuccessful *pro se* petitions for relief from judgment. See *People v. Durant*, Nos. 1-19-0214 (2020) and 1-20-0440 (2021) (unpublished summary orders under Illinois Supreme Court Rule 23(c)).

¶ 6     On June 1, 2021, defendant filed a *pro se* motion for leave to file a successive postconviction petition. The petition alleged that defendant's life sentence, imposed pursuant to the Habitual Criminal Act (HCA) (720 ILCS 5/33B-1 (West 2000)), was "unconstitutional as applied to him" due to a 2021 amendment which requires that the first qualifying offense occur when a defendant is 21 years or older. Because one of defendant's qualifying offenses occurred when he was a juvenile, defendant argued that his sentence violated the proportionate penalties

clause of the Illinois Constitution. On August 18, 2021, the circuit court denied defendant leave to file the successive petition.

¶ 7    The Office of the State Appellate Defender, which represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Counsel has submitted a memorandum in support of the motion, stating that she has reviewed the record and concluded that an appeal would be without arguable merit. Copies of the motion and memorandum were sent to defendant, who was advised that he may submit any points in support of his appeal. Defendant has filed a response.

¶ 8    In his response, defendant alleges that appointed counsel failed to properly investigate the case, stated incorrect facts, and asserted an "incorrect" legal position that is not based upon United State Supreme Court precedent. Relying on *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny, defendant argues that he should be resentenced because one of the qualifying felonies upon which his sentence rests occurred when he was a juvenile and the HCA was amended such that the first conviction must now occur when a defendant is 21 years or older.

¶ 9    The fact that defendant's first qualifying predicate offense was committed when he was 16 years old, while tried as an adult under the old automatic transfer statute, is troubling.

¶ 10    The Illinois General Assembly has recognized the science behind emerging adults and the criminal justice system in at least three different ways. The Legislature significantly amended the automatic transfer statute and now requires a judicial hearing to determine if the transfer of a youth offender to adult court is appropriate.  See 705 ILCS 405/5-805 (2)(a-b). The Legislature changed the Habitual Criminal Statute and now requires that a defendant's first qualifying predicate offense be committed after he or she is 21 years old or older.  See 730 ILCS 5/5-4.5-95.  The Legislature did not make this change retroactive.

¶ 11    There now exist in Illinois two classes of habitual criminals: those who committed their first qualifying offense as juveniles before the amendment and those who committed their first qualifying offense after the amendment.

¶ 12    It is impossible to see how the time the offense was committed, as opposed, say, to the seriousness of the offense, is sufficient reason to deny the group of defendants convicted before the amendment the same protection as the group of defendants convicted after the amendment. In addition, the General Assembly has provided that juvenile offenders convicted after June 1, 2019, are now entitled to mandatory parole review after serving 10 or 20 years of their sentence, depending on the offense of conviction. See 730 ILCS 5/5-4.5-115(b) (West 2020). But that leaves out a specific number of juvenile offenders who were sentenced before June 1, 2019.

¶ 13    The Legislature clearly now believes that juvenile offenders should have the right to demonstrate their rehabilitation—a cornerstone of the Illinois system of corrections since its earliest days. That right should be available to every juvenile defendant. That is not so say that every juvenile defendant will be able to demonstrate rehabilitation; the Illinois Prisoner Review Board will carefully consider every defendant on a case-by-case basis and the effect on the victims is a primary, but not only, matter to consider. The right to petition for early release based on rehabilitation should not be denied to one group of juvenile offenders just because they were sentenced before the Legislature made the political decision not to make 5-4.5-115(b) retroactive. And, juvenile offenders should not have to spend more time in prison because they committed a crime before the legislature decided not to make 5-4.5-95 retroactive.

¶ 14    Obviously, the Legislature can create different classes of offenses and offenders. However, by choosing the politically expedient option of non-retroactive effect in the

amendments to the HCA and right to parole, a class of juvenile offenders is being extraordinarily punished not for the nature of their crime but when it was committed.

¶ 15    That is both unjust and unjustifiable.

¶ 16    Notwithstanding our concerns about the non-retroactive application of the amendments discussed above, unless the Legislature or the Supreme Court does something to end the discrepancies explained, we are obligated to follow the law as it is written.

¶ 17    This order is entered in accordance with Illinois Supreme Court Rule 23(c)(2), (4) (eff. Jan. 1, 2021).

¶ 18    Judgment of the circuit court affirmed. Office of the State Appellate Defender's Motion to Withdraw is granted.

¶ 19    JUSTICE LAVIN, specially concurring:

¶ 20    I concur in the judgment allowing the Office of the State Appellate Defender to withdraw as counsel and affirming the circuit court's decision. I disagree, however, with the majority's decision to engage in lengthy, unnecessary, *obiter dicta*, particularly in the context of an order entered pursuant to *Finley*.