NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 170682-UB

No. 4-17-0682

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JERMAL O'NEAL, | ) | No. 14CF1059 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter C. Cavanagh, |
| | ) | Judge Presiding |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Lannerd and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:  (1) The trial court did not err by failing to instruct the jury on self-defense.

(2) Defendant did not receive ineffective assistance of trial counsel.

(3) The trial court committed plain error by sentencing defendant as a habitual criminal to a term of natural life because defendant committed one of the two predicate Class X offenses when he was 17 years old.

¶ 2   In July 2017, a jury found defendant, Jermal O'Neal, guilty of (1) being an armed habitual criminal, a Class X felony (720 ILCS 5/24-1.7 (West 2014)) and (2) unlawful possession of a weapon by a felon, a Class 2 felony (*id.* § 24-1.1(a), (e)). In September 2017, the trial court sentenced defendant to a term of natural life in prison pursuant to section 5-4.5-95(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95(a) (West 2014)), based on defendant's two prior Class X felony convictions for (1) armed robbery in 1993 and (2) possession with intent to deliver a controlled substance in 1998. Defendant appealed, and this

court affirmed. *People v. O'Neal*, 2021 IL App (4th) 170682, ¶ 2, 196 N.E.3d 95.

¶ 3        Defendant filed a petition for leave to appeal, which was denied. However, the Illinois Supreme Court issued a supervisory order (*People v. O'Neal*, No. 127171 (Ill. Nov. 30, 2022)), directing this court to vacate our prior judgment and reconsider our decision in light of *People v. Stewart*, 2022 IL 126116, on the issue of whether defendant's conviction for armed robbery may be used to impose a natural life sentence.

¶ 4        Having reconsidered defendant's argument that the trial court erred by imposing a natural life sentence under section 5-4.5-95(a) of the Code, in light of *Stewart*, we vacate defendant's natural life sentence and remand the cause for a new sentencing hearing. We otherwise affirm defendant's convictions.

¶ 5                              I. BACKGROUND

¶ 6        In September 2014, the State charged defendant with (1) being an armed habitual criminal, a Class X felony and (2) unlawful possession of a weapon by a felon, a Class 2 felony. In July 2017, a jury found defendant guilty on both counts. Subsequently, in September 2017, the trial court sentenced defendant as a habitual criminal to natural life in prison pursuant to section 5-4.5-95(a) of the Code (730 ILCS 5/5-4.5-95(a) (West 2014)), based on defendant's two prior Class X felony convictions for (1) armed robbery in 1993 and (2) possession with intent to deliver a controlled substance in 1998. Defendant was 17 years old when he committed the armed robbery.

¶ 7        Defendant appealed, arguing that (1) the trial court erred when it refused to instruct the jury on self-defense; (2) he received ineffective assistance of counsel because trial counsel failed to subject the State's case to meaningful adversarial testing; (3) the court's use of his two prior Class X felonies, which established an element of the offense of being an armed

habitual criminal, to qualify him for a life sentence under the habitual criminal sentencing statute, constituted improper double enhancement; (4) his life sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution; and (5) the court erroneously used his armed robbery conviction to impose a natural life sentence under section 5-4.5-95(a) of the Code because the conduct underlying that conviction—committed when he was 17 years old—was not classified as a Class X felony at the time of sentencing.

¶ 8        In March 2021, this court affirmed defendant's convictions and sentence. *People v. O'Neal*, 2021 IL App (4th) 170682, ¶ 2. Subsequently, defendant filed a petition for leave to appeal with the Illinois Supreme Court, which was denied. However, the Illinois Supreme Court issued a supervisory order (*People v. O'Neal*, No. 127171 (Ill. Nov. 30, 2022)), directing this court to vacate our prior judgment, which we did, and, in light of *Stewart*, reconsider our decision on the issue of whether defendant's conviction for armed robbery may be used to impose a natural life sentence.

¶ 9                                II. ANALYSIS

¶ 10        As an initial matter, we note that although defendant's initial appeal raised multiple issues, we adhere to our original decision on all issues except the propriety of defendant's sentence. See *O'Neal*, 2021 IL App (4th) 170682, ¶¶ 51-72. However, having reconsidered defendant's argument that the trial court erred by imposing a natural life sentence under section 5-4.5-95(a) of the Code and the parties' supplemental briefing on the issue in light of *Stewart*, we vacate defendant's natural life sentence and remand the cause for a new sentencing hearing. We otherwise affirm defendant's convictions.

¶ 11                                A. Plain Error

¶ 12        The plain error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 13        The usual first step in a plain error analysis is to determine whether any error occurred at all. *Id.* If error did occur, then we determine whether either of the plain error prongs are satisfied. *Id.* at 189-90.

¶ 14                    B. General Recidivism Provisions and *Stewart*

¶ 15                    1. *Habitual Criminal and Class X Sentencing*

¶ 16        At the time of defendant's sentencing, section 5-4.5-95(a) of the Code (730 ILCS 5/5-4.5-95(a) (West Supp. 2017)) provided, in pertinent part, as follows:

> "Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now (the date of the offense committed after the 2 prior convictions) classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping, or first degree murder, and who is thereafter convicted of a Class X felony, criminal sexual assault, or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal."

Subsection (b) of that same section—namely, the subsection reviewed by the supreme court in

*Stewart*—provided similar language, as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, except for an offense listed in subsection (c) of this Section, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, except for an offense listed in subsection (c) of this Section, and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." *Id.* § 5-4.5-95(b).

In 2021, both subsections were amended to require that for the subsections to apply, the first qualifying offense had to have been committed when the defendant was 21 years of age or older. 730 ILCS 5/5-4.5-95 (West Supp. 2021).

¶ 17                                   2. Stewart

¶ 18          Recently, in *Stewart*, 2022 IL 126116, ¶ 14, the supreme court interpreted a previous version of section 5-4.5-95(b) (730 ILCS 5/5-4.5-95(b) (West 2016)) that contained the same relevant language as the version at issue in this case. The supreme court specifically addressed "whether the legislature intended a prior felony conviction to be a qualifying offense for Class X sentencing if the same offense would have resulted in a juvenile adjudication had it been committed on the date of the present offense." *Stewart*, 2022 IL 126116, ¶ 16. Based on a later amendment to section 5-4.5-95(b) (Pub. Act 101-652 (eff. July 1, 2021) (adding a fourth requirement that the first qualifying offense was committed when the person was 21 years of age or older)), the supreme court answered that question in the negative. *Stewart*, 2022 IL 126116, ¶ 22.

¶ 19 On the facts of that case, the supreme court held the defendant's 2013 conviction for an offense committed when he was 17 years old was not a qualifying offense for Class X sentencing under the applicable version of section 5-4.5-95(b). *Stewart*, 2022 IL 126116, ¶ 22.

¶ 20 C. This Case

¶ 21 Here, defendant contends that because offenses committed as a juvenile are not qualifying offenses for subsection (b), they likewise are not qualifying offenses for subsection (a). Defendant explains that the two subsections have similar language and were both amended in 2021 to include a requirement that the first qualifying offense had to have been committed when the defendant was 21 years of age or older. Accordingly, defendant asserts, the same reasoning that the supreme court applied when interpreting subsection (b) in *Stewart* should be applied to subsection (b) in this case. See *Stewart*, 2022 IL 126116, ¶ 22 (concluding that the 2021 amendment was intended to clarify the meaning of the original statute).

¶ 22 The State appropriately concedes (1) that "[t]he decision in *Stewart* is thus directly contrary to that reached by the court in this case" and (2) "[t]his court is required to follow *Stewart* and must therefore [vacate] defendant's sentence and remand for resentencing." We accept the State's concession, vacate defendant's natural life sentence, and remand for a new sentencing hearing. We otherwise affirm this court's prior decision regarding all other issues defendant argued in his original appeal. See *O'Neal*, 2021 IL App (4th) 170682, ¶¶ 51-72.

¶ 23 III. CONCLUSION

¶ 24 For the reasons stated, we affirm defendant's convictions, vacate defendant's natural life sentence for his armed habitual criminal conviction, and remand for a new sentencing hearing.

¶ 25 Affirmed in part and vacated in part; cause remanded.