2024 IL App (1st) 221859-U
Nos. 1-22-1859 and 1-23-0328 (cons.)

FIRST DIVISION
June 27, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 93 CR 22656 |
| | ) | |
| CORWYN BROWN, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | James B. Linn, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* Defendant was improperly sentenced to natural life as a habitual criminal since his armed robbery conviction cannot be used as a qualifying offense since defendant was younger than 21 years old when it occurred.

¶ 2    Defendant Corwyn Brown appeals the circuit court's denial of his motions for leave to file a successive postconviction petition. Defendant argues that the circuit court erred by denying his motions for leave to file a successive postconviction petition since our supreme court's decision in *People v. Stewart*, 2022 IL 126116 demonstrates that defendant's armed robbery

conviction cannot be used as a qualifying offense for sentencing as a habitual criminal since defendant was younger than 21 years old when it occurred. We reverse and remand for resentencing pursuant to *People v. Stewart*, 2022 IL 126116 and *People v. Durant*, 2024 IL App (1st) 211190-B.

¶ 3                                    BACKGROUND

¶ 4        On April 27, 1995, a jury convicted defendant of aggravated criminal sexual assault and aggravated vehicular hijacking. The circuit court sentenced him to life imprisonment as a habitual criminal based on his prior convictions. Defendant's prior convictions included his armed robbery conviction, which he committed when he was younger than 21 years old.[1] At the time of his sentencing, the habitual criminal provision in effect—720 ILCS 5/33B-1 (West 1994)—did not specify whether a defendant must have reached any particular age when he committed any of the predicate offenses. We affirmed his conviction and sentence on direct appeal. *People v. Brown*, No. 1-95-2116 (1997) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        On April 28, 1998, defendant filed a *pro se* postconviction petition alleging ineffective assistance of trial counsel. The circuit court summarily dismissed the petition as untimely. We affirmed the dismissal. *People v. Brown*, No. 1-98-2668 (1999) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6        Defendant then filed a *pro se habeas corpus* petition, which the circuit court denied as patently without merit. Defendant appealed. Defendant also filed a successive *pro se*

---

[1] Defendant was born on April 21, 1962. On June 4, 1980, he was convicted of two counts of armed robbery. The record does not contain the date which defendant committed the armed robbery. Defendant alleges in his current brief that he was 17 years old at that time. The State does not dispute that defendant was 17 years old at that time. Additionally, defendant was not 21 years old until April 21, 1983. We make clear that whether defendant was 17 years old or 18 years old at the time he committed the armed robbery does not change the outcome of this appeal, as the applicable statutory age involved herein is 21 years old. See 730 ILCS 5/5.4.5-95(a) (West 2022).

postconviction petition, which the circuit court summarily dismissed as meritless. Defendant appealed. After those two appeals were consolidated, defendant's appellate counsel filed a motion for leave to withdraw as appellate counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). We granted the motion and affirmed the circuit court. *People v. Brown*, Nos. 1-00-2842, 1-01-1061 (2002) (consolidated) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7        On October 23, 2003, defendant filed a *pro se* motion for relief from final judgment under section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2002)). The circuit court summarily dismissed his 2-1401 petition. We affirmed the dismissal of the petition. *People v. Brown*, 1-04-0319 (2005) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8        On July 23, 2021, defendant filed a *pro se* motion for leave to file a successive postconviction petition. Defendant's appellate counsel filed a motion for leave to withdraw as appellate counsel pursuant to *Finley*, 481 U.S. 551. We granted the motion and affirmed the circuit court. *People v. Brown*, No. 1-21-1626 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9        On July 13, 2021, defendant filed a motion for leave to file a successive postconviction petition alleging that his life sentence was unconstitutional since the legislature amended the habitual criminal provision to require that the first qualifying offense occur when a defendant is 21 years or older. Specifically, in Public Act 101-652 (eff. July 1, 2021), the legislature amended section 5-4.5-95(a) of the Unified Code of Corrections (Code) to specify that a person cannot be adjudged a habitual criminal unless "[t]he first offense was committed when the person was 21

years of age or older." 730 ILCS 5/5-4.5-95(a)(4)(E) (West 2022). Defendant's conviction for armed robbery occurred when he was younger than 21 years old.

¶ 10     On October 26, 2022, the circuit court denied defendant leave to file the petition. The circuit court concluded that based on our decision in *People v. Durant*, 2022 IL App (1st) 211190-U, *vacated*, 2024 IL App (1st) 211190-B the amendment to the habitual criminal provision was not retroactive. Defendant appealed. On December 7, 2022, defendant filed another motion for leave to file a successive postconviction arguing the same issue. Additionally, defendant alleged that his sentence violated the proportionate penalties clause of the Illinois Constitution. The circuit court denied defendant leave to file the petition. Defendant appealed. We consolidated the appeals.

¶ 11     While this appeal was pending, the supreme court issued a supervisory order in the *Durant* matter directing us to vacate our September 2022 decision in that appeal and consider the effect of its opinion in *Stewart*, 2022 IL 126116, which discussed the identically-worded amendment to the Class X sentencing provision in section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b)(4) (West 2022)). On March 25, 2024, we issued a subsequent opinion in *Durant* concluding that, in light of *Stewart*, convictions for crimes committed before the age of 21 could not serve as predicates for the habitual criminal provision, and that *Stewart* applied retroactively on collateral review. *Durant*, 2024 IL App (1st) 21190-B.

¶ 12                                    ANALYSIS

¶ 13     On appeal, defendant argues that the circuit court erred by denying his motions for leave to file a successive postconviction petition since our supreme court's decision in *People v. Stewart*, 2022 IL 126116 demonstrates that defendant's armed robbery conviction cannot be used as a qualifying offense for sentencing as a habitual criminal since defendant was younger than 21

years old when it occurred. The State responds that the legislature's amendment to section 5-4.5-95(a) does not apply retroactively. We addressed identical arguments in *People v. Durant*, 2024 IL App (1st) 211190-B.

¶ 14　　On September 26, 2022, we issued our initial decision in *Durant*. *People v. Durant*, 2022 IL App (1st) 211190-U, ¶ 10, *vacated*, 2024 IL App (1st) 211190-B. We concluded that the legislature's amendment to section 5-4.5-95(a) of the Code (730 ILCS 5/5-4.5-95(a)(4)(E) (West 2022)) did not apply retroactively. *Id.* ¶ 10.

¶ 15　　On October 20, 2022, our supreme court issued its opinion in *Stewart*, 2022 IL 126116. In *Stewart*, the defendant was sentenced prior to the legislature's amendment of the Class X sentencing provision which specified that the first predicate felony must have been committed "when the person was 21 years of age or older." 730 ILCS 5/5-4.5-95(b)(4) (West 2022); *Stewart*, 2022 IL 126116, ¶ 5, 19. Our supreme court determined that the amendment applied retroactively and held that a defendant's Class X sentence under section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)), should be vacated because one of the predicate felony offenses occurred when he was 17 years old. *Stewart*, 2022 IL 126116, ¶ 1.

¶ 16　　On December 6, 2022, the defendant in *Durant* filed a petition for leave to appeal in our supreme court. *Durant*, 2024 IL App (1st) 211190-B, ¶ 22. Our supreme court denied the defendant's petition but directed us to vacate our September 2022 order and consider the effect of *People v. Stewart*, 2022 IL 126116 on the issue of whether his life sentence was unconstitutional. *Id.* .

¶ 17　　On remand pursuant to the supervisory order, we determined that "*Stewart*'s discussion of Public Act 101-652's amendment to the Class X provision in subsection (b) must inform our interpretation of the simultaneous amendment to the habitual criminal provision in subsection

(a)" of the same statute. *Id.* ¶ 30. We "emphasize[d] that both amendments were implemented simultaneously" and "the legislature inserted the exact same language" into both subsections. *Id*. ¶ 32. We stated that it would be illogical to determine that the legislature did not act with the same intent when it added identical provisions at the same time in the same public act. *Id*. We noted that our reasoning was consistent with principles of statutory construction. *Id*. ¶ 33. We held that, pursuant to *Stewart*, the 2021 amendment to the habitual criminal provision must be regarded as a clarification and restoration of the original law, and that it applies retroactively. *Id*. ¶ 38. Additionally, we determined that our holding applied to cases on collateral review. *Id*.

¶ 18   The instant appeal turns on the very same issues this court addressed in *Durant* after the supreme court directed us to consider the effect of *Stewart* in that matter. Accordingly, based on our supreme court's decision in *People v. Stewart*, 2022 IL 126116 and our decision in *People v. Durant*, 2024 IL App (1st) 211190-B, we find that defendant was improperly sentenced to natural life as a habitual criminal, where one of the predicate convictions occurred when he was younger than 21 years old. His sentence violated the habitual criminal provision in section 5-4.5-95(a) of the Code and his constitutional due process rights. *See Durant*, 2024 IL App (1st) 211190-B, ¶ 41 (citing *United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009)).

¶ 19   Since there are no disputed issues of fact, we find that defendant is entitled to resentencing under *Stewart* and its application to the habitual sentencing provision. *See Durant*, 2024 IL App (1st) 211190-B, ¶ 42.

¶ 20                                    CONCLUSION

¶ 21   For the foregoing reasons, we reverse the circuit court's denial of defendant's motions for leave to file a successive postconviction petition, vacate his natural life sentence, and remand for resentencing in accordance with this order.

¶ 22        Reversed and remanded.