2026 IL App (1st) 240928-U

Nos. 1-24-0928 and 1-24-2002 (cons.)

Order filed March 11, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 06 CR 20688 |
| CHARLES LAWSON, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Patrick Coughlin, |
| | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in dismissing defendant's petition for relief for judgment or denying defendant's motion for leave to file a successive petition for postconviction relief. The judgments of the trial court in these consolidated appeals are affirmed.

¶ 2    In 2011, following convictions for home invasion and aggravated kidnaping, defendant Charles Lawson was adjudged as a habitual criminal pursuant to section 5-4.5-95(a) of the Unified Code of Corrections (Code) and sentenced to natural life in prison. 730 ILCS 5/5-4.5-95(a) (West

2010). Based on a 2021 amendment to that statute, and emergent case law that followed, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (730 ILCS 5/2-1401 (West 2024)), and a motion for leave to file a successive petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). His petition and motion were subsequently dismissed and denied, respectively. Defendant appealed in both instances. On June 4, 2025, we allowed defendant's appeals to be consolidated as they concerned the same issue.

¶ 3    For the following reasons, we affirm the judgments of the trial court.[1]

¶ 4                                         I. BACKGROUND

¶ 5    In 2011, defendant was found guilty of four counts of home invasion and four counts of aggravated kidnaping. Based on the existence of two prior Class X felony convictions, armed robbery in 1998 and 2003, defendant was found to be a habitual criminal and sentenced to natural life in prison. See 730 ILCS 5/5-4.5-95(a) (West 2010). We affirmed defendant's conviction on direct appeal, with the exception that we held that three of his four convictions for home invasion violated the one-act, one-crime rule. *People v. Lawson*, 2015 IL App (1st) 120751. That opinion fully recites the facts of this case and we need not recite them here.

¶ 6    In August 2012, defendant filed a *pro se* petition for postconviction relief which argued that his natural life sentence should be vacated because his 2003 conviction was void, a claim he raised on direct appeal. The trial court dismissed defendant's petition and we affirmed. *People v. Lawson*, 2015 IL App (1st) 131029-U (summary order entered pursuant to Illinois Supreme Court

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Rule 23(c) (eff. July 1, 2011)). In December 2015, defendant filed another postconviction petition, which was summarily dismissed and we affirmed. *People v. Lawson*, 2020 IL App (1st) 161789-U.

¶ 7    In 2021, section 5-4.5-95(a) of the Code was amended to require that a defendant be 21 years old at the time of their first Class X felony to be adjudged as a habitual criminal. 730 ILCS 5/5-4.5-95(a)(4)(E) (West 2022).

¶ 8    In February 2024, defendant filed a petition for relief from judgment alleging that, because he was 17 years old at the time of his first Class X felony, he could not be adjudged as a habitual criminal. Defendant cited the 2021 amendment to subsection 5-4.5-95(a), and cited *People v. Stewart*, 2022 IL 126116, ¶¶ 20-23, which held that subsection 5-4.5-95(b) of the same recidivism statute, which contains a similar age limitation, was a clarification of the law. See 730 ILCS 5/5-4.5-95(b) (West 2024). Defendant claimed that the same interpretation should be applied to subsection 5-4.5-95(a), which was the cause of defendant's life sentence. The trial court dismissed that petition on March 29, 2024, for failure to state a meritorious defense and defendant appealed.

¶ 9    In June 2024, defendant filed a motion seeking leave to file a successive postconviction petition with a proposed petition which raised the same claim contained in his petition for relief from judgment. The trial court denied defendant leave to file on September 13, 2024, for failure to demonstrate the requisite cause and prejudice and defendant appealed.

¶ 10    On June 4, 2025, we granted defendant's motion to consolidate his respective appeals from the dismissal of his petition for relief from judgment and the denial of his motion for leave to file a successive petition. On January 6, 2026, after briefing was completed, we granted defendant leave to cite *People v. Robinson*, 2025 IL App (1st) 240884, as additional authority.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues that the trial court erred in dismissing his petition for relief

from judgment and denying his motion for leave to file a successive postconviction petition.

¶ 13                          A. Section 2-1401 Petition Standard

¶ 14    Section 2-1401 of the Code of Civil Procedure "establishes a comprehensive statutory

procedure that allows for the vacatur of a final judgment older than 30 days." *People v. Vincent*,

226 Ill. 2d 1, 7 (2007); 735 ILCS 5/2-1401 (West 2024). While section 2-1401 provides a civil

remedy, it extends to criminal cases. *Vincent*, 226 Ill. 2d at 8. A section 2-1401 petition may

challenge a judgment on the basis that there are facts which, if known at the time of judgment,

would have precluded its entry, or challenge a purportedly defective judgment for legal reasons.

*Warren County Soil and Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 31.

¶ 15    To be entitled to relief from a final judgment under section 2-1401, a petitioner must show

by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due

diligence in presenting this defense or claim to the circuit court in the original action; and (3) due

diligence in filing the section 2-1401 petition for relief. *Id*. ¶ 37. We review the trial court's

dismissal of defendant's section 2-1401 petition *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 16                    B. Successive Postconviction Petition Standard

¶ 17    The Act provides a procedural mechanism through which a defendant may assert a

substantial denial of his constitutional rights under the United States Constitution or the Illinois

Constitution or both. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998); 725 ILCS 5/122-1 (West

2024). A defendant may raise a constitutional challenge to both his conviction and his sentence.

*People v. Davis*, 2014 IL 115595, ¶ 13. The Act, however, contemplates the filing of a single

petition as a matter of right. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002); 725 ILCS 5/122-1(f) (West 2024).

¶ 18    Successive petitions are highly disfavored, and the statutory bar will be relaxed only when fundamental fairness requires it. *People v. Holman*, 2017 IL 120655, ¶ 25 (overruled on other grounds by *People v. Wilson*, 2023 IL 127666). A successive filing requires leave of court. *People v. Lusby*, 2020 IL 124046, ¶ 27; 725 ILCS 5/122-1(f) (West 2024). For leave to be granted, a defendant must make a *prima facie* showing of both "cause" and "prejudice" by submitting sufficient pleadings and documentation to permit the trial court to make an independent determination on the legal question raised. *People v. Bailey*, 2017 IL 121450, ¶ 24. The "cause and prejudice" test for successive postconviction pleadings is a higher burden than the "frivolous or patently without merit" standard for initial pleadings. *People v. Edwards*, 2012 IL 111711, ¶¶ 24-29.

¶ 19    The cause-and-prejudice test is a procedural prerequisite to obtaining further review of a defendant's claim. *People v. Bland*, 2020 IL App (3d) 170705, ¶ 9. To show cause, a defendant must identify an objective factor that impeded his ability to raise the claim in his initial petition. *People v. Davis*, 2014 IL 115595, ¶ 14. To show prejudice, a defendant must demonstrate that the claim so infected the trial that the resulting conviction or sentence violated due process. *Id.*

¶ 20    We review *de novo* the question of whether a defendant demonstrated cause and prejudice. *Bailey*, 2017 IL 121450, ¶ 13. In answering this question, we take as true all well-pled allegations in the petition that are not positively rebutted by the trial record and reject those allegations that are positively rejected by the trial record. *People v. Robinson*, 2020 IL 123849, ¶ 45.

¶ 21                                    C. Defendant's Claims

¶ 22    Defendant argues that his section 2-1401 petition stated a meritorious defense and that his motion for leave to file a successive petition demonstrated cause and prejudice. However, both claims fail for the same reason, so we may address them together.

¶ 23    The general recidivism provisions of the Code provide that every person who has been twice convicted of a Class X felony and is thereafter convicted of a third Class X felony, criminal sexual assault, or first degree murder, shall be adjudged as a habitual criminal. 730 ILCS 5/5-4.5-95(a) (West 2024). Anyone adjudged to be a habitual criminal is subject to a mandatory natural life sentence. 730 ILCS 5/5-4.5-95(a)(5) (West 2024). As noted earlier, in 2021 the legislature amended this subsection to include a requirement that the defendant must have attained the age of 21 at the time of the commission of his first predicate felony to be eligible for the penalties. 730 ILCS 5/5-4.5-95(a)(4)(E) (West 2024).

¶ 24    Multiple decisions of the appellate court, relying on *Stewart*'s reasoning as it pertains to subsection 5-4.5-95(b), previously held that this amendment to subsection 5-4.5-95(a) was a retroactive clarification. *People v. Robinson*, 2025 IL App (1st) 240884, ¶¶ 56-61; *People v. O'Neal*, 2023 IL App (4th) 170682-UB, ¶¶ 21-22; *People v. Durant*, 2024 IL App (1st) 211190-B, ¶ 38; *People v. Brown*, 2024 IL App (1st) 221859-U, ¶¶ 17-19.

¶ 25    However, after briefing was completed in this case, those decisions were overruled by our supreme court in *People v. Brown*, 2026 IL 130930. In *Brown*, the court held that the 2021 amendment to subsection 5-4.5-95(a) was prospective only, had no retroactive effect, and was not a clarification of existing law. *Id.* ¶¶ 39-58.

¶ 26    This holding forecloses defendant's arguments entirely. Defendant's section 2-1401 petition does not state a meritorious defense because the requirement that the first predicate offense

for a habitual criminal occur after the defendant reaches the age of 21 does not apply retroactively to his case. *Brown*, 2026 IL 130930, ¶¶ 39-41; 730 ILCS 5/5-4.5-95(a)(4)(E) (West 2024).

¶ 27 Likewise, defendant claims that his petition established cause for failing to raise his claim in his first postconviction petition because case law established a new rule that made the legislature's 2021 amendment retroactive. However, post-*Brown*, the 2021 amendment in question is not retroactive to defendant's case and did not establish a new rule for those sentenced as habitual criminals prior to the 2021 amendment. Accordingly, defendant cannot establish the requisite cause under the Act. Because defendant did not establish cause, we need not analyze whether he established prejudice.

¶ 28 Accordingly, the trial court did not err in dismissing defendant's section 2-1401 petition or denying him leave to file a successive postconviction petition.

¶ 29 III. CONCLUSION

¶ 30 Defendant's identical arguments in his section 2-1401 petition and his motion for leave to file a successive postconviction petitions are foreclosed by our supreme court's decision in *People v. Brown*, 2026 IL 130930. Because his section 2-1401 petition did not establish a meritorious defense, and his motion for leave to file a successive petition did not establish cause and prejudice, the trial court did not err in dismissing his section 2-1401 petition or denying him leave to file a successive postconviction petition. The judgments of the trial court in defendant's two consolidated appeals are affirmed.

¶ 31 Affirmed.