2026 IL App (1st) 240884-UB
No. 1-24-0884
Order filed June 18, 2026

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 18676 01 |
| | ) | |
| GLENN ROBINSON, | ) | The Honorable |
| | ) | Pamela J. Stratigakis, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirmed. Recent caselaw rendered sentencing claim no longer arguable, so the circuit court did not err by summarily dismissing the postconviction petition.

¶ 2    Glenn Robinson petitioned under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-9 (West 2022)), attacking his sentence as illegally long. He asserted that his natural-life sentence appeared to be mandatory under section 5-4.5-95(a) of the Code (730 ILCS 5/5-4.5-95(a) (West 2014)) because he had been found guilty of a Class X offense for the third time. But he

contended that recent amendments to the Code clarified that section 5-4.5-95(a) had never applied to him because he was not of age 21 when he committed his first Class X offense.

¶ 3    The circuit court summarily dismissed his petition. We reversed in part and vacated in part. But the supreme court vacated our judgment and ordered us to reconsider in light of its recent decision, *People v. Brown*, 2026 IL 130930. That decision requires us to affirm.

¶ 4                              Background

¶ 5    We have detailed the facts underlying Robinson's convictions. *People v. Robinson*, 2018 IL App (1st) 153319. Chicago police officers spotted Robinson while he was apparently committing a robbery. He fled, shooting at the officers. A jury found Robinson guilty of multiple counts of attempt first degree murder while personally discharging a firearm and of aggravated discharge of a firearm.

¶ 6    The trial court sentenced Robinson to natural life in prison as a habitual criminal (730 ILCS 5/5-4.5-95(a) (West 2014)), given his two prior Class X convictions for armed robbery. Before imposing the sentence, the trial court described the mandatory imposition of a natural-life sentence as "a disservice to the administration of justice." We affirmed on direct appeal. *Robinson*, 2018 IL App (1st) 153319, ¶ 29.

¶ 7    Years later, Robinson petitioned under the Act, arguing that he did not qualify as a habitual criminal under subsection 5-4.5-95(a) because one of his predicate offenses occurred before he was 21 years old. He noted how the legislature recently amended subsections 5-4.5-95 (a) and (b) on "general recidivism." He cited *Stewart*, in which the supreme court clarified that, to qualify under amended subsection 5-4.5-95 (b) for class X sentencing, an offender must have committed their first Class 2 offense (of three) after they turn 21 years of age. *People v. Stewart*, 2022 IL

126116, ¶ 22. And he cited *O'Neal*, in which the appellate court clarified that to qualify for a natural-life sentence under amended subsection 5-4.5-95 (a), an offender needed to commit their first Class X offense after turning 21. *People v. O'Neal*, 2023 IL App (4th) 170682-UB, ¶¶ 21-22. Robinson concluded that "the imposition of [his natural-life] sentence violates due process [under] *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009) ('Where [defendant] was sentenced beyond the statutory maximum for his offense of conviction, his due process rights were violated')."

¶ 8     The circuit court dismissed his petition as frivolous and patently without merit. On appeal, we reversed in part and vacated in part, noting the issue was pending before the supreme court. *People v. Robinson*, 2025 IL App (1st) 240884, ¶¶ 26, 89. The supreme court later vacated our judgment and remanded for us "to consider the effect of *** *Brown*, 2026 IL 130930, on the issue of whether [Robinson] was properly sentenced to natural life in prison under section 5-4.5-95(a) of the Uniform Code of Corrections (730 ILCS 5/5-4.5- 95(a))."

¶ 9                                   Analysis

¶ 10    Robinson contends that caselaw provides an arguable basis for his petition to advance to second-stage proceedings. *E.g., People v. Durant*, 2024 IL App (1st) 211190-B, ¶ 37 (finding natural-life sentence improperly premised on predicate offense committed when defendant was less than 21 years).

¶ 11    Postconviction proceedings have three distinct stages. 725 ILCS 5/122-1 to 122-9 (West 2022). At each stage, the petitioner bears the burden of showing they qualify for relief. *People v. Allen*, 2015 IL 113135, ¶¶ 21-22. We review a petition dismissed without an evidentiary hearing *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388 (1998).

¶ 12    The first stage of postconviction proceedings is "extremely undemanding." *People v. Chambers*, 2021 IL App (4th) 190151, ¶ 81. Petitioners need only raise arguable claims. *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009). That excludes claims that are "completely contradicted by the record." *Id.* at 16. But that includes claims with "a foothold" in caselaw. *Chambers*, 2021 IL App (4th) 190151, ¶ 81. After the supreme court's decision in *Brown*, Robinson's claim no longer finds a foothold in caselaw interpreting recent amendments. See *Brown*, 2026 IL 130930, ¶ 60 n.3 (overruling *Durant*).

¶ 13    At the time of Robinson's sentencing in 2015, subsection (a) of the general recidivism statute read:

"(a) HABITUAL CRIMINALS.

(1) Every person who has been twice convicted in any state *** court of an offense that contains the same elements as an offense now *** classified in Illinois as a Class X felony *** shall be adjudged an habitual criminal.

\* \* \*

(4) This Section does not apply unless each of the following requirements are satisfied:

(A) The third offense was committed after July 3, 1980.

(B) The third offense was committed within 20 years of the date that judgment was entered on the first conviction; provided, however, that time spent in custody shall not be counted.

(C) The third offense was committed after conviction on the second offense.

(D) The second offense was committed after conviction on the first offense." 730 ILCS 5/5-4.5-95(a) (West 2014).

The legislature amended subsection (a) in 2016 through Public Act 99-69, § 10 (eff. Jan. 1, 2016) to provide that "Anyone who, having attained the age of 18 at the time of the third offense, is adjudged an habitual criminal shall be sentenced to a term of natural life imprisonment." 730 ILCS 5/5-4.5-95(a)(5) (West 2016).

¶ 14 The legislature paralleled the structure of subsection (a) when writing subsection (b), which requires a Class X sentence for defendants convicted of a third Class 2 or greater felony. At the time of Robinson's sentencing, subsection (b) read:

"(b) When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second." 730 ILCS 5/5-4.5-95(b) (West 2014).

¶ 15 In 2021, the legislature amended both parts, subsection (a) and subsection (b), through Public Act 101-652 (eff. July 1, 2021). Using identical language, the legislation directed that both subsections apply only if "[t]he first offense was committed when the person was 21 years of age or older." 730 ILCS 5/5-4.5-95(a)(4)(E), (b)(4) (West 2022).

¶ 16    In *Stewart*, the supreme court held that the legislature's amendment clarified the meaning of subsection (b). *Stewart*, 2022 IL 126116, ¶¶ 20-22. Yet in *Brown*, the supreme court held that the legislature's amendment did not also clarify subsection (a). *Brown*, 2026 IL 130930, ¶ 44. "To be sure, the legislature undoubtedly meant the identical provisions to have the same meaning going forward." *Brown*, 2026 IL 130930, ¶ 57. But the supreme court found in part that the prior meaning of subsection (a) was "inconsistent" with the amendment so the legislature could not have meant to clarify its meaning. *Id.*

¶ 17    The upshot is that Robinson, who was sentenced before 2021, may not benefit from the legislature's amendment to subsection (a). And because Robinson's claim now lacks an arguable basis in law, the circuit court did not err by summarily dismissing his postconviction petition. *Hodges*, 234 Ill. 2d 1, 16-17 (stating standard).

¶ 18    Affirmed.